**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAN ZHANG,<br><br>                    Petitioner,<br><br>      v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>                    Respondent. | No.    14-73540<br><br>Agency No. A088-484-465<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:      WALLACE, LEAVY, and FISHER, Circuit Judges.

Fan Zhang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

        [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to Zhang's baptism date, his church membership in the U.S., and his reasons for not providing a bail receipt.  *See id*. at 1048 (adverse credibility determination supported under the totality of circumstances).  Zhang's explanations to the agency do not compel a contrary result.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  In the absence of credible testimony, in this case, Zhang's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Zhang's CAT claim also fails because it is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not Zhang would be tortured if returned to China.  *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**